UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGUS MANAGEMENT GROUP, LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | CIVIL ACTION NO. 3:07-CV-1799-B |
| INTERNATIONAL BUSINESS MACHINE CORP., | | |
| Defendant. | | |

## MEMORANDUM OPINION

This is a breach of contract, fraudulent inducement, and fraud action in which Plaintiff Regus Management Group LLC ("Regus") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the declaratory judgment counterclaim of Defendant International Business Systems Corporation ("IBM"). Regus argues that the declaratory judgment counterclaim is redundant of IBM's breach of contract counterclaim and therefore cannot be maintained as a matter of law. Having considered Plaintiff Regus' Motion to Dismiss IBM's Counterclaim for Declaratory Relief (doc #24) and Memorandum in Support, IBM's Response Thereto, Regus' Reply and all evidence and arguments submitted, the Court finds that the Motion should be GRANTED.

## BACKGROUND

The Court takes its factual account from IBM's Counterclaim filed on December 31, 2007. During 2006, IBM, Regus, and their foreign affiliates entered into several contracts that provide the terms under which IBM was to centralize and operate the information technology infrastructure underlying the business centers operated by Regus. (Countercl. ¶ 6). The contracts include a

Master Services Agreement, Global Statement of Work ("SOW"), local foreign country service agreements and statements of work, a performance guarantee for IBM's United Kingdom affiliate, and certain Change Authorizations (collectively, the "Agreement"). (Countercl. ¶ 6).

Regus terminated the Agreement, filing this case shortly thereafter on October 25, 2007 alleging claims of fraudulent inducement, breach of contract, and fraud. IBM answered on December 31, 2007, asserting, *inter alia*, a counterclaim for breach of the Agreement and a counterclaim seeking a declaratory judgment of the parties' rights and obligations under the Agreement. (Countercl. ¶¶ 5-16). IBM's breach of contract counterclaim seeks damages for Regus' alleged failure to pay for services rendered and work performed. (Countercl. ¶¶ 6-7). IBM alleges that Regus terminated the Agreement for convenience and therefore owes certain fees pursuant to the terms of the Agreement, particularly citing section 10.2 of the Global Statement of Work (which in turn cites paragraph 14 of the Master Services Agreement between the parties). (Countercl. ¶ 7). IBM alleges that the fees are owed for post-termination services, including disentanglement, as well as for services rendered while the Agreement was in effect. (Countercl. ¶ 7).

IBM also seeks "a declaratory judgment establishing Regus' aforementioned payment obligations under [the Agreement]…and in particular its obligations under the parties agreed disentanglement process." (Countercl. ¶ 16). The referenced "aforementioned payment obligations" are those listed in section 10.2 of the Global Statement of Work. (Countercl. ¶¶ 13-14). IBM states that it is concerned that Regus "will misinterpret and/or repudiate" the aforementioned payment obligations, and therefore, there is an actual controversy between the parties. (Countercl. ¶ 15).

Regus moves to dismiss IBM's declaratory judgment claim as redundant of IBM's breach of contract claim. IBM argues that its declaratory judgment claim focuses on the scope of the

disentanglement process and therefore goes beyond its breach of contract claim, which it characterizes as a claim for services already rendered.

## ANALYSIS

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). A 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). The Court's review is limited to the allegations in the complaint and to those documents attached to a motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

The Court has broad discretion in determining whether to entertain a declaratory judgment action under 28 U.S.C. § 2201. *Winton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (noting that the Declaratory Judgment Act is "an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant."). Although a court may not dismiss a request for declaratory relief "on the basis of whim or personal disinclination...the court may consider a variety of factors in determining whether to decide a declaratory judgment suit." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989). If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted. *See Pan-Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) (affirming refusal to allow leave to add claims that were adequately raised in the original

complaint); *Mandry v. Fina Oil & Chemical Co.*, 44 F.3d 1004, 1994 WL 733494 at *2 (5th Cir. 1994) (reversing award of declaratory relief where "[t]he declaratory judgment does not declare any significant rights not already at issue in the contract dispute.").

In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit. *See, e.g., Xtria LLC v. Tracking Sys., Inc.*, No. 3:07-CV-0160, 2007 WL 1791252, at *3 (N.D. Tex. Jun. 21, 2007) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, No. 3:05-CV-0880, 2006 WL 3691003, at *17 (N.D. Tex. Dec. 14, 2006) (same); *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, No., 2006 WL 2285575, at *3 (N.D. Tex. Aug. 9, 2006) (dismissing counterclaim for declaratory judgment while noting that "a motion for declaratory judgment that merely restates a party's defenses is insufficient"); *Albritton Props. v. Am. Empire Surplus Lines*, No. 3:04-CV-2531, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) (granting Rule 12(b)(6) motion dismissing counterclaim for declaratory judgment where the disputed issues were already pending before the court); and *Kogul v. Xspediou Mgmt. Co.*, No. 3:04-CV-2518, 2005 WL 1421446, at * 4 (N.D. Tex. Jun. 1, 2005) (dismissing declaratory actions that sought resolution of matters already to be resolved in the ongoing lawsuit).

IBM argues that its breach of contract claim addresses only Regus' failure to pay IBM for services already rendered to Regus and that its declaratory judgment claim focuses on the scope of Regus and IBM's obligations under the post-termination, disentanglement process. (IBM Resp. at 5). IBM's counterclaim seeks a declaration establishing Regus' payment obligations to IBM under the Agreement. IBM specifically refers to Regus' obligations under section 10.2 of the Global SOW,

including the fees for disentanglement services provided in that section. (Def.'s Countercl. at ¶¶ 13-14). Based on IBM's current pleadings, as a practical matter, the Court finds that Regus' payment obligations under the disentanglement process will be decided as part of IBM's breach of contract claims.

Given that this case is not set for trial until September 2009, almost two years after the termination of the Agreement (which occurred in October 2007), IBM's breach of contract claim for services rendered to Regus should cover all of the services rendered to that date, which includes post-termination of the Agreement. IBM asserts that Regus has breached the Agreement, and its payment obligations, by failing to pay for services and for other fees stated in section 10.2 of the Global Statement of Work. Thus, in determining the breach of contract claim, the Court will have to determine whether (1) whether Regus terminated the Agreement for convenience, (2) if it did, whether Regus owes any amounts to IBM under the terms of the Agreement (including section 10.2 of the Global Statement of Work). IBM will have to identify the specific fees it claims are owed and the contractual basis for each fee. Assuming Regus contests either the fact that it owes fees or the amount owed by asserting defenses, the Court will determine the validity of any defense in the course of its ultimate determination of the breach of contract claim.

To the extent that IBM seeks a declaration on a going forward basis, the Court finds it unnecessary under principles of res judicata. Given the identity of the issues and parties, and the full opportunity the parties will have to litigate the issues, the Court's acceptance or rejection of either parties' position as to a duty or amount owed under the Agreement should necessarily determine whether the duty continues to be owed if the parties are still engaged in disentanglement services after this matter is concluded. It is difficult to envision a scenario in which IBM would begin

performing new disentanglement services after September 2009 that would not have been addressed by the Court in any decision on the merits of IBM's breach of contract claim. Thus, as the pleadings currently stand, where the payment obligations referenced in IBM's declaratory judgment claim are the same obligations for which it claims Regus owes it payments under a breach of contract claim, a declaration of Regus' payment obligations under the Agreement appears entirely repetitive and unnecessary. As such, the Court dismisses IBM's declaratory judgment counterclaim without prejudice under Rule 12(b)(6).

## CONCLUSION

For the reasons detailed above, the Court finds that IBM's declaratory judgment counterclaim, as currently pled, is duplicative of its breach of contract counterclaim. The Court therefore GRANTS Regus' Motion to Dismiss IBM's declaratory judgment counterclaim without prejudice. IBM is hereby permitted to amend its declaratory judgment counterclaim to include specificity sufficient to identify how the declaration sought is not duplicative of, or will necessarily be determined during the course of, its breach of contract counterclaim.

**SO ORDERED.**

Dated:

June 17, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE